# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-728V
Filed: November 25, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | **PUBLISHED** |
| JANINE KADILE,              * | |
|                             * | Special Master Hamilton-Fieldman |
|         Petitioner,         * | |
|                             * | |
| v.                          * | Attorneys' Fees and Costs; |
|                             * | Contested; *McCulloch* Hourly |
| SECRETARY OF HEALTH         * | Rates; Hours Expended. |
| AND HUMAN SERVICES,         * | |
|                             * | |
|         Respondent.         * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Claudia Gangi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 25, 2013, Janine Kadile ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that, as a result of the administration of an influenza ("flu") vaccine on October 14, 2010, she suffered from a neurological demyelinating injury. Petitioner later amended her claim to reflect Guillain-Barré syndrome ("GBS") as her alleged injury. *See* Amended Petition, filed October 11, 2013. On March 4, 2015, the undersigned issued a decision awarding compensation to Petitioner. Judgment entered on the decision on March 13, 2015.

On July 31, 2015, Petitioner's counsel filed a motion seeking reimbursement for $25,548.70 in attorneys' fees and $874.17 in attorneys' costs. Petitioner's counsel also sought

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

reimbursement for $916.76 in costs that had been personally incurred by Petitioner.  *See* General Order #9 Statement, filed July 31, 2015.

On August 11, 2015, Respondent filed a Motion to stay the proceedings pending the undersigned's issuance of a decision in *Houck v. Sec'y of Health & Human Servs.*, No. 11-509V, which, Respondent argued, involved contested issues identical to those in the instant case. Simultaneously, Respondent filed substantive objections to counsel's requested hourly rates and to the number of hours billed by counsel's firm.  *See* Respondent's Opposition to Petitioner's Application for Attorneys' Fees and Costs, filed August 17, 2015.  Specifically, Respondent objected to reimbursement for time expended by multiple attorneys in processing Petitioner's case, and for the 4.6 hours billed in preparing and drafting Petitioner's settlement demand.  *Id*. at 18-20.

Petitioner's counsel responded by objecting to any suspension of the proceedings.  *See* Petitioner's Objections to Respondent's Motion to Suspend Proceedings, filed August 17, 2015. Petitioner also argued that both his firm's hourly rates and the number of hours expended in the instant case were reasonable.  Petitioner's Reply to Respondent's Opposition, filed August 27, 2015.  Petitioner's counsel subsequently requested compensation for an additional $1,052 in attorneys' fees.  *See* Petitioner's Supplemental Application for Attorneys' Fees, filed August 27, 2015.

On October 16, 2015, Petitioner's counsel filed an amended motion for fees and costs. Although Petitioner's counsel amended his application to reflect the rates approved in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for reconsid. denied*, 2015 WL 6181910  (Fed. Cl. Spec. Mstr. Sept. 21 2015) (identifying compensable hourly rates for Homer firm attorneys and staff), the substance of the application otherwise remained unchanged.  Petitioner's counsel applied for attorneys' fees amounting to $26,340.70 and attorneys' costs amounting to $874.17.  Petitioner had personally incurred $916.76 in costs.  The total amount requested was $28,131.63.

On October 20, 2015, the undersigned convened a status conference to discuss counsel's pending fees and costs application.  During the status conference, the undersigned informed the parties that she intended to compensate Mr. Homer and his firm's staff at the rates that were awarded in *McCulloch*, but that she would reduce Mr. Homer's compensable time by 2 hours (allowing a total of 1.9 hours) and Ms. Fashano's compensable time by 2 hours (allowing a total of 2.6 hours)[3].  *See* Order, filed October 21, 2015, at 1-2.  The undersigned directed Petitioner's counsel to draft a decision that incorporated the *McCulloch* rates and the appropriate reductions in hours.  Petitioner's counsel filed his draft on October 27, 2015.  On November 3, 2015, Respondent filed a Response in which she stated that she had no substantive objections to counsel's draft decision.  This matter is now ripe for ruling.

---

[3] Counsel's compensable time is reduced by $800.00 for Mr. Homer's non-compensable hours, at $400.00 per hour, and by $570.00 for Ms. Fashano's non-compensable hours, at $285.00 per hour.  In total, Petitioner's amended fees and costs motion is reduced by $1,370.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  The undersigned acknowledges Respondent's continued objections to the *McCulloch* rates but remains in agreement with *McCulloch*'s outcome.  Based on the reasonableness of Petitioner's request, the undersigned GRANTS Petitioner's amended motion for payment of attorneys' fees and costs minus the reductions noted above.

In addition, the undersigned awards an additional 1.5 hours of attorney time, expended by Christina Ciampolillo at an hourly rate of $300.00, for counsel's preparation for the substantive status conference held on October 20, 2015, and for submission of a draft decision on attorneys' fees and costs.  This amounts to an additional $450.00.

Respondent's pending motion to stay is DENIED as moot.

Accordingly, the undersigned awards:

1. **A lump sum of $26,294.87, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Janine Kadile, and Petitioner's counsel, Mr. Ronald Homer, of the law firm of Conway, Homer & Chin-Caplan, P.C.; and**

2. **A lump sum of $916.76, representing reimbursement for Petitioner's costs, in the form of a check payable solely to Petitioner, Janine Kadile.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).